**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ELENA DEL CAMPO, et al. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DON MEALING., et al.<br><br>Defendants. | MISC. NO.<br>(Civ. No. 3:**01-21151 JW**-Northern District of California)<br><br>CLASS ACTION<br><br>**PLAINTIFFS' APPLICATION FOR ORDER TO SHOW CAUSE RE: CONTEMPT FOR KEY BANK'S FAILURE TO COMPLY WITH SUBPOENA DUCES TECUM; SUPPORTING MEMORANDUM** |
| AND CONSOLIDATED ACTION | Civ. No. 03-2611 JW |

Plaintiff Elena del Campo hereby applies for an Order that Key Bank, appear and show cause, if any there be, why it should not be: 1. Adjudged in contempt of court; 2. Compelled to immediately produce all documents responsive to the subpoena duces tecum, served July 21, 2010, attached as Exhibit A to this Application; and, 3. Ordered to pay the reasonable attorneys' fees and costs incurred in connection with obtaining an order of contempt.

This application is based on this notice, the memorandum of points and authorities set forth hereunder, on the declaration of Paul Arons and exhibits filed herewith, and on such other evidence as may be adduced.

**Plaintiffs Application for Order to Show Cause re: Contempt- Key Bank- 1**
**Misc**.

**Christopher E. Green**
Attorney at Law
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND

#### a. Current Status of the Litigation

This proceeding comes at that tail end of eight years of litigation, with trial set to commence in the United States District Court, Northern District of California, on December 1, 2010. Plaintiffs' class action complaint is based on defendants' operation of a check collection business. Plaintiffs challenge defendants' predatory check collection practices, conducted under the guise of being criminal diversion programs. In reality, defendants' programs were nothing more than a charade, intended to scare check writers into paying massively inflated fees, on pain of prosecution if they failed to pay.

After seven years of litigation, the primary corporate defendant, American Corrective Counseling Services, Inc., (ACCS), escaped responsibility for its unlawful conduct by filing a Chapter 11 bankruptcy petition. *In re SCH, et al,* Civ. Nos. 09-10198, 10199, 10200, (U.S. Bkr. Ct., D. Del.). The remaining viable defendants are Don Mealing, Lynn Hasney and Inc. Fundamentals, a one-person corporation formed by defendant Mealing. On June 3, 2010, the district court granted plaintiffs' Motion for Summary Judgment, in part, against Don Mealing and Lynn Hasney. The Court ruled, *inter alia*, that Mealing and Hasney violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1602, et seq., (FDCPA), specifically 15 U.S.C. § 1692f(1)[1], by collecting fees not permitted by law. Order on Cross-Motions for Summary Judgment, filed June 3, 2010, Docket No. 877, hereinafter MSJ Order, p. 20:6-8, *Del Campo v. Am. Corrective Counseling Servs*., 2009 U.S. Dist. LEXIS 103771 (N.D. Cal. Oct. 23, 2009). Although the district court declined to rule on dam-

---

[1]. Title 15 U.S.C. § 1692f(1) provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**Plaintiffs Application for Order to Show Cause re: Contempt-Key Bank- 2**
**Misc**.

**Christopher E. Green**
Attorney at Law
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

ages, plaintiffs submitted unrebutted evidence that during the class period, defendants collected unlawful fees exceeding $30,000,000.00. Declaration of Paul Winans in Support of Plaintiffs' Motion for Summary Judgment, filed Feb. 8, 2010, Docket. No. 808.[2] In addition to being liable for the unlawful fees they collected, because defendants violated the FDCPA, they will be liable for statutory damages of up to 1% of their respective net worths. 15 U.S.C. § 1692k(a)(2).[3]

As relevant to this motion, the Court ruled:

> Defendants Mealing and Hasney, through their material participation in ACCS' debt collection activities, violated the FDCPA when they sought from Plaintiffs and class members program fees that were not permitted by law. Order, p. 20:6-8.

The Court reserved the issue of damages and restitution for trial. MSJ Order, p. 27:4-6.

In July 2010, plaintiffs sought a preliminary injunction order freezing defendants' assets. Although the district court agreed that plaintiffs had shown a likelihood of recovering a monetary judgment from the defendants, injunctive relief was denied because there was "insufficient evidence of an imminent threat of funds becoming unavailable" to justify immediate injunctive relief." Order, filed July 19, 2010, Docket No. 2:17-22. Plaintiffs were expressly permitted to seek preliminary injunctive relief by noticed motion. *Id*. at 3:13-15. Trial is set to start on December 1, 2010. Defendants cannot escape the fact that they will have a judgment entered against them for millions of dollars in actual and statutory damages and for restitution.

### b. The Subpoena Duces Tecum Served on Key Bank

On July 21, 2010, plaintiffs served a subpoena duces tecum on Key Bank at its Friday Harbor, Washington branch. At the same time, plaintiffs faxed a copy of the subpoena to its na-

---

[2]. A copy of the declaration of Paul Winans is filed herewith as Exhibit 15

[3] 15 U.S.C. § 1692k(a)(2)(B) provides, in pertinent part:
(a) Amount of damages. Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of—

\*     \*     \*

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector;

**Plaintiffs Application for Order to Show Cause re: Contempt-
Key Bank- 3
Misc**.

**Christopher E. Green**
**Attorney at Law**
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

tional office for responding to subpoenas.  In the subpoena plaintiffs sought the following documents, to be produced on August 6, 2010:

> For the period January 1, 2007 to the present, all documents relating to Don Mealing, Mary Mealing, the Mealing Family Trust, Aspen Grove Investments or Inc. Fundamentals or to any account or matter in which any of them have had any interest, or exercised any degree of control, whether as an account holder, signatory, trustee, beneficiary, officer, director, manager, agent, or in any other capacity.
>
> Documents include, without limitation:
>
> (a) account statements;
>
> (b) account transcripts;
>
> (c) wire transfer, reports;
>
> (d) deposit receipts;
>
> (e) withdrawal receipts;
>
> (1) cancelled checks;
>
> (g) loan applications;
>
> (h) financial statements; and
>
> (i) tax returns

On July 23, 2010, Audrey McCrae, an employee in the Key Bank subpoena office contacted plaintiffs' counsel, stated the Key Bank was going to compile documents to produce in response to the subpoena, and asked for Social Security and tax identification numbers for the persons and entities whose records plaintiffs had subpoenaed.  On July 29, 2010, the defendant Don Mealing, on behalf of himself, Mary Mealing, the Mealing Family Trust and Inc. Fundamentals, served objections to the subpoena.[4]  They have not moved to quash or sought a motion for a protective order.  On August 6, 2010, having not received any documents, plaintiffs' counsel contacted Ms. McCrae in the Key Bank subpoena office and requested a status update.  Ms. McCrae stated that Key Bank had received and objection or a motion, she was not sure which, and was not going to comply with the subpoena.  She stated that she would get more details and call back.  On August 9, 2010, plaintiffs' counsel wrote Key Bank, asking for it to contact him to discuss its failure to comply.  On August 11, 2010, plaintiffs' counsel called Ms. Ms. McCrae again, asking for specifics as to the al-

---

[4]. Objections to Plaintiffs' Subpoenas, filed herewith as Exhibit 1.

**Plaintiffs Application for Order to Show Cause re: Contempt-Key Bank- 4**
**Misc**.

Christopher E. Green
Attorney at Law
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

leged objection or motion that Key Bank claimed it had received. Ms. McCrae stated her "team leader" would respond. That was the last communication with Key Bank.

## III. KEY BANK SHOULD BE COMPELLED TO PRODUCE THE REQUESTED DOCUMENTS

**A. A Non-Party May Be Held in Contempt for Failing to Comply with a Subpoena**

Fed.R.Civ.P. 45(e) provides:

> The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey may be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Failure to fully comply with a subpoena is defiance of a court order. *See, Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340-41 (8th Cir. 1975). A non-party's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection has been waived. *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). It is not necessary to hold a full-blown hearing in a civil contempt proceeding. *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) ["Because civil contempt sanctions are viewed as nonpunitive and avoidable, fewer procedural protections for such sanctions have been required." [*quoting United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831, 129 L. Ed. 2d 642, 114 S. Ct. 2552 (1994)]. This is especially true where the affidavits offered by the moving party are uncontroverted. Where a party fails to object to a subpoena and also fails to comply, "it may be held in contempt, pursuant to Rule 45[(e)], and sanctions may therefore be imposed." *Application of Sumar*, 123 F.R.D. 467, 473 (S.D.N.Y. 1988). *See also, Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494, n. 5 (9th Cir. 1983). Only the subpoenaed party can prevent disclosure by filing an objection. The party to whom the records pertain must file a motion to quash or for a protective order. Fed.R.Civ.P. 45(c)(2)(B); Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: *Fed. Civ. Pro. Before Trial* § 11:2291 (2010).

**Plaintiffs Application for Order to Show Cause re: Contempt- Key Bank- 5 Misc**.

**Christopher E. Green**
Attorney at Law
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

**B. Plaintiffs are Seeking Discoverable Information from Key Bank**

"The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *See Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 U.S. Dist. LEXIS 23179, 2003 WL 23018833, *8 (S.D.N.Y. 2003). However, "[t]he burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed." *Phillips v. City of Fairfield*, 2006 U.S. Dist. LEXIS 72994, 2006 WL 2868966 (E.D. Cal. Oct. 6, 2006) quoting *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966).

Here, plaintiffs are seeking personal financial information concerning defendant Don Mealing, defendant Inc. Fundamentals, Mr. Mealing's spouse, the Mealing Family Trust, and a business of Mealing's, Aspen Grove Investments. This discovery is directly relevant both to the defendants' net worth, and to determining whether it is appropriate to issue a prejudgment asset freeze injunction.

In *del Campo*, the court has already ruled that plaintiffs are entitled to discover personal financial information in connection with establishing the defendants' net worth. In 2009, plaintiffs moved to compel discovery concerning defendant Mealing's and Hasney's financial affairs, because it was relevant to determining their net worth. At the same time, defendants sought a protective order, barring this discovery. This Court ordered defendants to provide discovery, and denied defendants' motion for a protective order, holding that:

> In light of the claims alleged and the potential remedies thereto, the discovery sought by plaintiffs is relevant. *See, e.g., Oakes v. Halvorsen Marine Ltd., et al.,* 179 F.R.D. 281, 286 (C.D. Cal. 1998).

Order Granting Plaintiffs' Motion to Compel; Denying Defendant's Motion for Protective Order, filed October 23, 2009, Docket No. 773, p. 5:21-23, *Del Campo v. Am. Corrective Counseling Servs.*, 2009 U.S. Dist. LEXIS 103771 (N.D. Cal. Oct. 23, 2009). Defendants' net worth, at the time liability is established, is an essential element in determining the amount of statutory damages that they will be ordered to pay to the class. 15 U.S.C. § 1692k(a)(2)(B); *Seawell v. Universal Fid. Corp.*, 2007 U.S. Dist. LEXIS 25163 (E.D. Pa. Apr. 2, 2007). Since the district court has now ruled

**Plaintiffs Application for Order to Show Cause re: Contempt-Key Bank- 6**
**Misc**.

Christopher E. Green
Attorney at Law
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

that Don Mealing violated the FDCPA, it cannot be disputed the documents relating to his net worth as of June 2010 are discoverable.[5] Further, as this court observed in compelling net worth discovery in 2009, discovery should not be bifurcated, 10/23/2009 Order, p. 4:7-12. Thus documents relevant to Inc. Fundamentals net worth also currently discoverable, even though it has not yet been found liable.

Financial records relating to defendant's spouse, Mary Mealing, to Aspen Grove Investments and to the Mealing Family Trust are also discoverable, in connection with establishing both net worth, and whether Mealing is engaged in a scheme to hide assets from creditors. In July 2010, plaintiffs filed a motion to freeze assets, based on evidence they had discovered that Mealing was transferring assets out of his name. As part of this scheme, Mealing funneled assets to his wife.

Don and Mary Mealing live in a 12,000 square foot luxury home they have named "Cloud's Rest." Inc. Fundamentals originally purchased the property in November 2002.[6] In November 2005, Mealing had Inc. Fundamentals transfer title to him.[7] Mealing recorded the transfer of the house from him to Mary Mealing in November 2009.[8] The house is now in Mary's name only, and is on the market for $9,995,000.[9] To further insulate this asset from plaintiffs, in March 2010, a $4,000,000.00 mortgage was taken out, from an offshore bank, headquartered in Western Samoa, a popular tax haven.[10] Plaintiffs have no information on what happened to the $4,000.000.00, but suspect that it has been kept out of the country, and out of reach of creditors.

---

[5]. Relying on an incomprehensible interpretation of the summary judgment order, defendants contend that they have not yet been found liable for violating the FDCPA, which would make their net worth through the time of trial discoverable.

[6]. Deed Record for Summit County, Deed to Inc. Fundamentals, recorded November 12, 2002, filed herewith as Exhibit 5.

[7]. Quitclaim Deed from Inc. Fundamentals to Don Mealing, recorded November 21, 2005, filed herewith as Exhibit 6.

[8]. Quitclaim Deed from Don Mealing to Mary Mealing, recorded November 12, 2009, filed herewith as Exhibit 7.

[9]. Sales brochure for "Cloud's Rest" at 141 White Pine Canyon Road, Park City, Utah, filed herewith as Exhibit 8.

[10]. Deed of Trust from Mary Mealing, in favor of European Industrial Bank, Ltd., Level 2, Lotemau Centre, Vaera Street, Samoa, filed herewith as Exhibit 9. *See* "World Tax Havens" web page, filed herewith as Exhibit 10.

**Plaintiffs Application for Order to Show Cause re: Contempt-Key Bank- 7 Misc**.

**Christopher E. Green**
Attorney at Law
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

Don Mealing also owned a house at 8974 S. Meadow Drive, Heber City, Utah. Inc. Fundamentals quitclaimed this property to Don Mealing in November 2005.[11] Then, three months ago, on May 13, 2010, Don Mealing and Inc. Fundamentals transferred the property to Mary Mealing, who transferred it that same day to an ostensibly unrelated third party, Stephen Hasler.[12] Plaintiffs do not know the sale price, but in 2009, the assessed value of the property was $515,231.[13] Plaintiffs have no information on what happened to the proceeds of that sale.

In sum, Mary Mealing's financial affairs are intertwined with those of her husband. If Mealing has been fraudulently transferring property to his wife to avoid creditors, that property should be considered in determining his net worth. Moreover, evidence concerning fraudulent transfers to avoid creditors, and transfers to offshore entities, is relevant to determining whether an asset freeze injunction should issue.

**C. Plaintiffs Attempted to Meet and Confer to Resolve this Dispute, But Key Bank Failed to Respond**

As explained above, plaintiffs' counsel Paul Arons has spoke with a Key Bank employee at least twice, and sent a letter to Key Bank, seeking to resolve this dispute. No one at Key Bank has been available to discuss this matter, or to specifically explain what objection or motion Key Bank is relying upon to justify its refusal to comply with the subpoena. Key Bank has not served any objections.

**D. Key Bank Should Be Ordered to Pay the Fees and Costs Incurred in Compelling its Compliance with the Subpoena**

A non-party that fails to comply with a subpoena without adequate excuse may be ordered to pay the attorneys' fees and expenses incurred in compelling compliance, pursuant to Fed-

---

[11]. Quitclaim deed from Inc. Fundamentals to Don Mealing, recorded November 22, 2005, filed herewith as Exhibit 11

[12]. Warranty deed from Inc. Fundamentals and Don Mealing to Mary Mealing, recorded May 14, 2010, filed herewith as Exhibit 12. Warranty deed Mary Mealing to Stephen Hasler, recorded May 14, 2010, filed herewith as Exhibit 13.

[13]. 2009 Wasatch County Tax Assessor's Record for 8974 S. Meadow Drive, Heber City, UT, filed herewith as Exhibit 14.

**Plaintiffs Application for Order to Show Cause re: Contempt- Key Bank- 8 Misc**.

**Christopher E. Green**
Attorney at Law
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

.R.Civ.P. 37(a)(5). *See* Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: *Fed. Civ. Pro. Before Trial* §§ 11:2218, 11:2460 (2010).

## IV. CONCLUSION

Wherefore, for the reasons set forth above, plaintiffs respectfully request that the an Order to Show Cause should issue to Key Bank Group, Inc. to show cause why it should not be found to be in contempt of court, be ordered to produce immediately to plaintiffs' counsel all documents described in the Subpoena Duces Tecum served upon it on July 21, 2010, , and that it be ordered to pay to plaintiffs' counsel the reasonable attorneys' fees and costs incurred in compelling compliance with the subpoena.

DATED: August 17, 2010

By s/Christopher Green

Christopher Green, WSBA No. 19410
Two Union Square Suite 4285
601 Union Street
Seattle WA 98101
(206) 686-4558
(206) 686-2558 facsimile

O. Randolph Bragg, IL. Bar #06221983
(pro hac vice application pending)
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
Tel: (312) 372-8822
Fax: (312) 372-1673
rand@horwitzlaw.com

Attorneys for Plaintiffs

**Plaintiffs Application for Order to Show Cause re: Contempt-Key Bank- 9**
**Misc**.

**Christopher E. Green**
Attorney at Law
Two Union Square Suite 4285
601 Union Street
Seattle, Washington 98101
(206) 686-4558 Fax: (206) 686-2558
WSBA No. 19410

≈AO88  (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Western  DISTRICT OF  Washington

ELENA DEL CAMPO, et al.,

V.  **SUBPOENA IN A CIVIL CASE**

DON MEALING, et al.,

Case Number:[1]  Misc [C01-21151 JW (N.D. Cal.)]

TO: Key Bank

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

PRODUCE DOCUMENTS LISTED IN ATTACHMENT A

| PLACE  Law Office of Paul Arons, 685 Spring Street, No. 104, Friday Harbor, WA 98250 | DATE AND TIME  8/6/2010 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 7/21/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Paul Arons, 685 Spring Street, No. 104, Friday Harbor, WA 98205
(360) 378-6494

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 7/21/2010 | Key Bank, 90 2nd Street S, Friday Harbor, WA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Dennie A. Carter | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Paul Arons | attorney |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   7/25/2010
DATE

SIGNATURE OF SERVER

685 Spring Street, No. 104
ADDRESS OF SERVER

Friday Harbor, WA 98250

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
  (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## DEFINITIONS

The following definitions apply to the Attachment to this subpoena:

**"Document"** includes electronic records and transmissions, and writings and recordings as defined in Fed. R. Evid. 1001, including, without limitation, any written material, whether typed, handwritten, printed or otherwise, and whether in draft or final form, of any kind or nature, or any photograph, photostat, microfilm or other reproduction thereof, including, without limitation, each note, memorandum, letter, telegram, telex, circular, release, article, report, prospectus, memorandum of any telephone or in-person conversation, any financial statement, analysis, drawing, graph, chart, account, book, notebook, draft, summary, diary, transcript, computer data base, computer printout or other computer generated matter, contract or order, technical report, laboratory report or notebook, engineering report, patent, registration or mark, application for a copyright, trademark or patent, patent appraisal, infringement search or study, and all mechanical and electronic audio and video recordings or transcripts thereof, and other data compilations from which information can be obtained and translated; if necessary, by Defendant into reasonably usable form. Electronic mail is included within the definition of the terms "document" or "documents." A draft or non-identical copy is a separate document within the meaning of the term.

**"Or"** and **"And"** shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the

**SUBPOENA ATTACHMENT A**

scope of a request. The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa.

**"Person"** and **"Persons"** shall mean and includes any natural person, firm, association, partnership, joint venture, corporation, estate, trust, receiver, syndicate, municipal corporation, and any other form of legal entity or other group or combination acting as a unit.

**"Relating"** (or "relate") shall mean: pertaining, describing, referring, evidencing, reflecting, discussing, showing, supporting, contradicting, refuting, constituting, embodying, containing, concerning, identifying, or in any way logically or factually connected with the matter discussed.

The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

## DOCUMENTS TO BE PRODUCED

For the period January 1, 2007 to the present, all documents relating to Don Mealing, Mary Mealing, the Mealing Family Trust, Aspen Grove Investments, or Inc. Fundamentals or to any account or matter in which any of

**SUBPOENA ATTACHMENT A**

them have had any interest, or exercised any degree of control, whether as an account holder, signatory, trustee, beneficiary, officer, director, manager, agent, or in any other capacity.

    Documents include, without limitation:

      (a) account statements;

      (b) account transcripts;

      (c) wire transfer, reports;

      (d) deposit receipts;

      (e) withdrawal receipts;

      (1) cancelled checks;

      (g) loan applications;

      (h) financial statements; and

      (i) tax returns

This information should be produced in the form in which it is ordinarily maintained, unless such form is not reasonably usable, in which case the information shall be produced in a reasonably usable form.

**SUBPOENA ATTACHMENT A**

Hugh T. Verano
Verano & Verano
30900 Rancho Viejo Road
Suite 145
San Juan Capistrano, CA 92675

## PROOF OF SERVICE BY MAIL

I, the undersigned, state that I am a citizen of the United States eighteen years old or older, I am not a party to this lawsuit, my business address is 685 Spring St., #104, Friday Harbor, WA 98250.

On July 21, 2010, I served a copy of:

**SUBPOENA DUCES TECUM TO KEY BANK**

on the parties herein by depositing said documents in the mail in a sealed envelope with the postage thereon fully prepaid, addressed as follows:

John D. Higginbotham
3750 University Avenue
Suite 400 P.O. Box 1028
Riverside, CA  92502

Hugh T. Verano
Verano & Verano
30900 Rancho Viejo Road
Suite 145
San Juan Capistrano, CA 92675

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration is executed in Friday Harbor, Washington, on July 21, 2010.

    s/Paul Arons
    PAUL ARONS